IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHEILA DARLENE ROGERS,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Civil Action No: |
| vs.  ) | 1:14-cv-1352-LSC |
| ) | |
| CAROLYN W. COLVIN,  ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Sheila Darlene Rogers, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Ms. Rogers timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).[1]

Ms. Rogers was forty-eight years old on the date of the expiration of her insured status for DIB. (Tr. at 232.) She has a seventh grade education and she has

---

[1] Plaintiff had a previous unfavorable decision rendered on March 24, 2011, which was binding through that date. (Tr. at 148, 233.) Thus, the time period at issue in the instant case begins March 25, 2011. (*Id.*)

worked in a warehouse, as a sander, as a housekeeper, as an inspector, and as a cashier. (Tr. at 233, 411). Ms. Rogers claims that she became disabled on April 19, 2011 (*id*. at 360), due to headaches, leg and back pain, and shortness of breath (*id* at 235).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Rogers last met the insured status requirements of the Social Security Act on September 30, 2011. (Tr. at 149.) He further determined that Ms. Rogers has not engaged in SGA during the period beginning March 25, 2011, the day after the previous decision, through her date of last insured of September 30, 2011. (*Id.* at 150.)[2] According to the ALJ, Plaintiff's hypertrophic arthropathy and mild compression at the L4-5 and L5-S1 levels, chronic obstructive pulmonary disease, history of

---

[2] To be eligible for DIB, a claimant must prove she became disabled prior to the expiration of her disability insured status. *See* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. A showing that an impairment became disabling after the expiration of the claimant's insured status is insufficient to establish eligibility for DIB. *See Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 13 (11th Cir. 2012) (citing *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). Plaintiff's disability insured status expired on September 30, 2011. (Tr. at 148, 363). Plaintiff, therefore, had to prove she was disabled on or before September 30, 2011.

cluster headaches, gastroesophageal reflux disease, anxiety, and obesity are considered "severe" based on the requirements set forth in the regulations. (*Id.* at 150-51.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 151.) The ALJ did not find Ms. Rogers's allegations to be totally credible (*id.* at 153), and he determined that she has the following RFC: sedentary work except that she could never crawl or climb ramps, stairs, ladders, ropes, or scaffolds; she needed to avoid concentrated exposure to extreme temperatures, wetness, and irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; she also needed to avoid all exposure to hazardous machinery, unprotected heights, and commercial driving and work near bodies of water; and she was limited to simple, routine, repetitive, one to three step tasks in a low stress job, defined as having only occasional decision making and changes in the work setting. (*Id.* at 152.)

According to the ALJ, Ms. Rogers was unable to perform any of her past relevant work through the date last insured, she is a "younger individual," and she has a "limited education," as those terms are defined by the regulations. (*Id.* at 156-57.) He determined that Plaintiff's "transferability of job skills is not material to the determination of disability" because the "framework supports a finding that [Ms. Rogers] is 'not disabled,' whether or not [she] has transferable job skills." (*Id.*

5

at 157). As Plaintiff cannot perform the full range of sedentary work, the ALJ relied upon the vocational expert's ("VE's") testimony to determine that there are a significant number of jobs in the national economy that she is capable of performing such as: call out clerk, document preparer, and addresser. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the relevant time period of March 25, 2011, through September 30, 2011." (*Id.* at 158.)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210

(11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

**III.  Discussion**

The ALJ determined that Ms. Rogers's subjective complaints of disabling symptoms were not fully credible. (Tr. at 153.) Ms. Rogers alleges that the ALJ's decision should be reversed and remanded on this ground.

Ms. Rogers testified that during the relevant time period she was unable to work due to cluster headaches, shortness of breath, and pain in her legs and back. (Tr. at 235-36.) She testified that she had headaches once or twice a night which were severe, that she was on medication which made her drowsy, that she was unable to focus on a television show, and that she had shortness of breath, chest pain, and irritable bowel syndrome. (*Id.* at 236-43.) According to the plaintiff's testimony, her headache pain was a level of 10 and her back pain was at level 9 on a scale of 1-10. (*Id.* at 237, 243.) Also, Plaintiff testified she had to use the bathroom sometimes 2 to 3 times a day for about 15 to 20 minutes at a time. (*Id.* at 242-43.) Furthermore, the plaintiff alleged she had shortness of breath after walking 20 feet, could stand for only about 60 minutes, could lift only 10 pounds, and could walk only about 50 yards. (*Id.* at 240, 250-52.)

For a plaintiff to prove disability based on subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of her alleged symptoms or evidence establishing that her medical condition could reasonably be expected to give rise to her alleged

symptoms. *See* 20 C.F.R. § 404.1529(a), (b); Social Security Ruling ("SSR") 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). If the objective medical evidence establishes the claimant has an impairment that could reasonably be expected to cause her alleged symptoms, but does not confirm the severity of the alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c), (d); SSR 96-7p; *Wilson*, 284 F.3d at 1225-26. The ALJ is permitted to discredit the claimant's subjective testimony if he articulates explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *see also* SSR 96-7p ("[T]he adjudicator must carefully consider the individual's symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").  In making a credibility determination, an ALJ may consider the opinions of treating physicians and consultative examiners, as well as those of other medical doctors. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The credibility determination does not need to refer to "every piece of evidence in his decision [regarding credibility], so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer*, 395 F.3d at 1210-1211.

Here, the ALJ determined that Ms. Rogers presented evidence of medically determinable underlying impairments that could reasonably be expected to cause her alleged symptoms. (Tr. at 153). However, he found that Ms. Rogers's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible because they were inconsistent with the RFC. (*Id.*) Substantial evidence supports the ALJ's credibility determination here.

First, the ALJ noted the medical records during the relevant time period are "sparse." (*Id.*) Even though Plaintiff offered numerous complaints and was diagnosed with different medical conditions, subjective complaints and diagnoses alone do not establish that she was as limited as she claimed. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard"). For example, the examinations performed by Dr. C.H. McCrimmon and Dr. Sathyan Iyer during the relevant time period were "unremarkable" (tr. at 154) in establishing the plaintiff's alleged symptoms. (*Id.* at 516-520, 551-553.)

For example, in July 2011, Dr. McCrimmon indicated that Plaintiff's lumbar spine MRI did not show any significant disc disease and that a positive straight leg raising test was "not very striking." (*Id.* at 155, 552.) Dr. McCrimmon

recommended Plaintiff go to therapy for conservative treatment. (*Id.* at 552.) In August 2011, Plaintiff had normal ranges of motion. (*Id.* at 560.) In September 2011, she denied having any back pain. (*Id.* at 532.)

Similarly, during a consultative examination performed by Dr. Iyer in June 2011, Plaintiff had full range of motion in her cervical spine, hips, knees, ankles, elbows, and wrists. (*Id.* at 518-19.) Also, Plaintiff only had a slightly limited range of motion in her dorsolumbar spine, her straight leg raises were negative, gait was normal, and she could walk on her heels, tiptoes, and squat. (*Id.* at 517, 519.) Dr. Iyer did conclude that Ms. Rogers may have some impairment of functions such as bending, lifting, carrying and overhead activities. (*Id.* at 518.) However, the ALJ considered Dr. Iyer's opinion of her limitations and took those into account in determining her RFC, and in fact assessed more restrictive limitations than noted by Dr. Iyer based on other evidence in the record of degenerative joint disease. (*Id.* at 155, 545.) Plaintiff's brief alleges the ALJ came to his conclusion by "pick[ing] and choos[ing] among . . . doctors records" in order to make his conclusions. (Doc. 9 at 6.) In actuality, there is little medical evidence during the relevant time period to support Plaintiff's subjective testimony of disabling limitations.

Additionally, on September 12, 2012, Dr. Heather Sabo filled out a medical source statement opining Plaintiff could perform a range of light work. (Tr. at 634-

35). Dr. Sabo further opined that Plaintiff had moderate pain, she would need to occasionally take rest periods during the day to walk or lie down, and she would most likely miss two or more days of work. (Tr. at 636). The ALJ gave Dr. Sabo's opinion little weight because it was from over a year after the expiration of Plaintiff's insured status and did not indicate it was related to the relevant period at issue. (Tr. at 155). As noted previously, a showing that an impairment became disabling after the expiration of the claimant's insured status is insufficient to establish eligibility for DIB. *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979).[3] Furthermore, as discussed by the ALJ, Dr. Sabo did not even treat Plaintiff during the relevant period, and thus did not have an ongoing treating relationship with Plaintiff necessary to be considered a treating physician. (Tr. at 155, 246). *See* 20 C.F.R. §§ 404.1502, 404.1527(c)(2). Because Dr. Sabo was not a treating physician at the time of his opinion, his findings and opinions were not entitled to any special deference or consideration. *See* 20 C.F.R. § 404.1527(c)(2); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (holding ALJ does not have to defer to opinion of physician who conducted single examination and who was not a treating physician). As such, to the extent Dr.

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Sabo's opinion is in accord with Plaintiff's subjective testimony, that opinion was properly afforded little weight.

Plaintiff's activities are also not consistent with allegations of disabling limitations. Although not dispositive, a claimant's activities may show that the claimant's pain and other symptoms are not as limiting as alleged. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p. Plaintiff reported she had no problems performing her personal care, cooking, cleaning, driving, and shopping for groceries. (Tr. at 403-405, 523).

The ALJ also properly concluded that Plaintiff's failure to follow her doctors' recommendations for physical therapy for her pain undermined her credibility. *See* 20 C.F.R. 404.1579 (a)(3)(v), (vi). Plaintiff alleges that the ALJ did not properly follow SSR 96-7p when considering why she did not follow through with physical therapy. (Doc. 9 at 8.) The ALJ cannot draw any inference from a failure to seek medical treatment before considering an explanation by the claimant; however, the explanation by the claimant may provide insight into the individual's credibility. *See* SSR 96-7p. Plaintiff's reasoning for not attending physical therapy sessions was that her insurance would not cover the cost and she was unable to afford the treatment. (Tr. at 244.) Poverty excuses non-compliance with recommended medical treatment. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213

(11th Cir. 1988). However, Plaintiff admitted she had since been able to go on her husband's "good insurance" and still did not attend any physical therapy sessions. (Tr. at 249-50.) The ALJ did not err in inferring from the fact that claimant now had a new insurance plan and did not seek physical therapy that claimant's testimony was not credible. Furthermore, if he had erred it would have been harmless as he did not base his credibility finding solely on Plaintiff's failure to seek recommended medical treatment. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

In sum, there was very little medical evidence from the time period at issue, and most of it reflects unremarkable findings. In fact, Plaintiff's own citations to the record are all citations to either medical evidence outside the relevant time period or to her own subject complaints that are not supported by the record. Substantial evidence supports the ALJ's decision to discredit Plaintiff's subjective complaints of pain.

### IV.  Conclusion

Upon review of the administrative record, and considering all of Ms. Rogers's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 3, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704